## City of Philadelphia v. United Bowlers, Inc.

*Albert J. Persichetti,* for plaintiff.

*J. Leon Rabben,* for defendant.

BOLGER, J., March 29, 1972.—After hearing and submission of requests for findings of fact and conclusions of law by both plaintiff and defendants, the chancellor finds in favor of plaintiff and against defendants and, in so doing, the chancellor, having carefully scrutinized all of the requests for findings of fact and conclusions of law, adopts plaintiff's requests for findings of fact and conclusions of law as the findings of fact and conclusions of law of the court, as follows:

1. At all times during the years 1965, 1966, 1967, 1968 and 1969, defendant, United Bowlers, Inc., was a duly licensed Pennsylvania corporation engaged in the operation of a bowling alley with an office and place of business located at 5540 Chestnut Street in the City of Philadelphia.

2. Defendant, Stuart Ross, was secretary of the said corporation during the years aforesaid.

3. Defendant, Stuart Ross, was one of the directors of the said corporation.

4. At all times hereinbefore set forth, defendant, Stuart Ross, was a member of the board of directors of the said corporation which had full and complete control over the business activities of the said corporation. He was one of three people who could sign checks and, in fact, he, along with the president, Robert Crawley,signed most of the checks of the said corporation.

5. Defendant corporation employed persons to whom they paid compensation during the years aforesaid and withheld from said compensation, wage taxes imposed under the ordinance of the City of Philadelphia for the periods aforesaid. The corporation failed to file wage tax returns with the Department of Collections

and failed to pay the wage taxes due for the said periods.

6. Plaintiff made an examination and audit of the records of defendants and as a result thereof, on May 18, 1970, made an assessment against defendants for the wage taxes due plaintiff as follows:

| Year-Period | Tax Due |
|---|---|
| 1965 (4th Qtr.) | $ 3.07 |
| 1966 (3rd Qtr.) | 76.83 |
| 1967 (All Qtrs.) | 365.84 |
| 1968 (All Qtrs.) | 471.48 |
| 1969 (3rd Qtr.) | 84.12 |

7. Notice of the aforesaid assessment was duly mailed to the corporate defendant on or about June 17, 1970.

8. The corporate defendant has not at any time filed a petition for review of the aforesaid assessment made against it with the Philadelphia Tax Review Board.

9. Plaintiff has made demand upon all of defendants for wage taxes due and owing as aforesaid.

10. The individual defendant, Stuart Ross, knew that said wage taxes were not being paid during the periods aforesaid.

11. Defendant, Stuart Ross, made no attempt to stop disbursements of money of the corporation until the wage withholding taxes were paid to the City of Philadelphia.

## CONCLUSIONS OF LAW

1. Under section 2 of the City Wage and Income Tax Ordinance of December 13, 1939, P. 656, as amended, sec. 19-1502 of The Philadelphia Code, a tax of one and one half percent, later reduced to one percent, later increased to one and one half percent,

thereafter increased to two percent, is imposed upon all salaries, wages and other compensation received for services rendered in this city.

2. Section 4 of the ordinance (sec. 19-1504 of The Philadelphia Code) further provides that each employer within the City of Philadelphia who employs one or more persons for a salary, wage, commission or other compensation, shall deduct at the time of payment thereof the tax imposed by the ordinance and shall thereafter file a return with the city and pay to the city the amount of tax so deducted.

3. The corporation was acting as an agent for the City of Philadelphia in the collection of wage taxes as an employer under the ordinance heretofore set forth. The withholding of the said wage taxes and the use thereof for other purposes constituted a conversion of trust funds which the corporation held as agent for the City of Philadelphia.

4. The corporation is a trustee ex maleficio by reason of its failure to turn over these trust funds to the City of Philadelphia.

5. Stuart Ross was a responsible officer of this corporation, having power to sign checks for the said corporation and he was in a position to effectively prevent the conversion of these trust funds by the corporation by withholding his signature on checks of the corporation.

6. Stuart Ross, by reason of his responsible position in the corporation, had knowledge of the conversion of these trust funds and his failure to act to prevent this conversion amounted to acquiescence in the conversion rendering him personally responsible as a trustee ex maleficio even though he may not have personally benefited or profited therefrom.

Accordingly, judgment is found for plaintiff in the amount of $1,001.34, plus interest and penalty thereon.